IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHARIF JONES, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 16-1453 |
| | ) Chief Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) Re: ECF Nos. 116, 120 and 124 |
| SHAWN TRESE, OFFICER KELLER, and | ) |
| OFFICER JENKINS, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## OPINION AND ORDER

**KELLY, Chief Magistrate Judge**

Plaintiff Sharif Jones ("Plaintiff") is an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), and is presently incarcerated at the State Correctional Institution at Somerset ("SCI-Somerset"). Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 against, *inter alia*, Defendants Shawn Treece,[1] Officer Keller, and Officer Jenkins, who for all times relevant to this action, were employed as Corrections Officers ("COs") at the State Correctional Institution at Greene ("SCI-Greene"). Plaintiff alleges that each of these Defendants violated his Eighth Amendment rights during his confinement at SCI-Greene. Pending now before the Court are Motions for Summary Judgment filed on behalf of the Defendants, ECF Nos. 116, 120 and 124. After careful consideration of the briefs and extensive

---

[1] The Court will use the correct spelling of Defendant Shawn Treece's name, as reflected in the Answer to Plaintiff's Complaint, ECF No. 112.

1

exhibits filed in support and in opposition thereto, and for the following reasons, the Motions for Summary Judgment are granted.²

## I. FACTUAL AND PROCEDURAL BACKGROUND

Beginning in February 2015, Plaintiff was incarcerated at SCI-Greene. He was transferred for short periods of time to a DOC Mental Health Unit and to a Secure Residential Treatment Unit, but returned to SCI-Greene after each stay until his eventual transfer to SCI-Somerset. ECF No. 119-1 at 6-8. During his time at SCI-Greene, he was housed in a Diversionary Treatment Unit ("DTU"), which served as a specialized Mental Health Unit. Id. at 8. In his Complaint, Plaintiff alleges in graphic detail that Defendants were COs assigned to the DTU, and that over the period January 2016 through March 2016, each forced Plaintiff to watch pornographic videos and perform sexual acts upon each of them and himself. ECF No. 1. Plaintiff alleges that in exchange for performing these acts, he was told that he would be removed from the DOC Restricted Release List, would receive a job on his cell block, and would receive a television and radio for his cell. Id. ¶¶ 8-10. According to Plaintiff's Complaint, at least six COs participated in these events, which occurred in an office on Plaintiff's cell block. Id. ¶¶ 11-16.

Plaintiff complains that on March 31, 2016, he reported the location and existence of the pornographic videos to a counselor and to facility supervisory personnel, and further reported the alleged sexual abuse and harassment. During an investigation into the matter, pornographic videos were located in a locked file cabinet. Id. ¶¶ 17-19. Plaintiff further alleges that as a result of the sexual assaults and harassment, he attempted suicide by swallowing a battery casing and

---

² In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to having a United States Magistrate Judge conduct all proceedings in this case, including the entry of a final judgment. ECF Nos. 8, 21, 66, 102, 103.

2

cutting his wrist, and that he was involuntarily committed to a mental health institution for treatment.³ Plaintiff states he continues to suffer mental health consequences from the described incidents. Id. ¶¶ 20-22.

Plaintiff's Complaint sets forth claims for "sexual harassment, sexual assault, cruel and unusual punishment, failure to protect, excessive force, and violation of due process, ..., excessive force, failure to protect, violation of due process under Fourth, Eighth and Fourteenth Amendments of the United States Constitution." Id. ¶ 26. Plaintiff's Complaint also alleges state law claims for "professional negligence, battery and intentional infliction of emotional distress and unlawful restraint." Id. ¶ 27.

Subsequent to the filing of Plaintiff's Complaint, this Court appointed *pro bono* counsel, and the parties engaged in extensive discovery, including depositions of the relevant parties, an exchange of Plaintiff's mental health records, as well as records of the investigation and personnel disciplinary action associated with Plaintiff's allegations.⁴ ECF No. 52, 68, 95.

With the advice of counsel and in opposition to the pending Motions for Summary Judgment, Plaintiff has abandoned all claims against all parties except a single Eighth Amendment claim against Defendants Treece, Keller, and Jenkins for "deliberate indifference to his mental health in subjecting him to these pornographic materials." ECF No. 136 at 1 n.2, 6.⁵

---

³ Medical records indicate that Plaintiff suffered a "superficial scratch to left wrist" and swallowed two screws on April 9, 2016 and April 10, 2016, and suffered a superficial abrasion to his forearm and may have swallowed a screw on May 2, 2016. ECF No. 149 at 2-3.

⁴ The Court expresses its appreciation to *pro bono* counsel, Adrian N. Roe, Samuel H. Simon, and Chelsea Forbes of the Duquesne University School of Law Federal Litigation Clinic, as well as law students Adrienne Box, Taylor Corn, Matthew Goddard, Justin Primich, Jenna Ratica, Sara Watkins, and Daniel Watson, for their able representation of Plaintiff in this matter.

⁵ Throughout Plaintiff's brief in opposition to summary judgment, Plaintiff couches his claim as a conditions of confinement claim arising out of the exposure to a pornographic video, and presents no evidence in support of a claim that he was forced to masturbate by any Defendant. It is apparent to the Court, therefore, that Plaintiff is pursuing only an Eighth Amendment "inhumane conditions of confinement" claim related to showing "graphic pornography to this mentally ill inmate." ECF No. 136 at 4. In seeking recovery for "psychological injuries", id. at

3

Accordingly, on June 18, 2018, this Court entered an Order granting the Motion for Summary Judgment as to Defendants Brooks, Renner, and DePhillips, and entered judgment in their favor. ECF Nos. 150, 151.

In response to the pending Motions for Summary Judgment filed on behalf of the three remaining Defendants, Plaintiff argues that Defendants Treece, Keller, and Jenkins "knew at least generally of Plaintiff's mental illness," and "it is 'obvious' that when the Defendants allowed Plaintiff Jones to view these pornographic materials that there was a substantial risk that it would have [a] detrimental effect on Plaintiff's mental health." ECF No. 136 at 6 – 7. Plaintiff further asserts that this conduct resulted in "mental anguish culminating in his suicide [attempt, that] may be attributed to his exposure to pornographic materials ...."[6] Id. at 5. As more fully set forth below, this claim, identified by Plaintiff in his brief as a "conditions of confinement" Eighth Amendment violation, does not appear in Plaintiff's Complaint, but was first alleged in opposition to Defendants' Motions for Summary Judgment. In response to Plaintiff's recalibration of his claims, Defendants seek the entry of judgment in their favor on the basis that all other claims have been abandoned, and because the assertion of a new claim cannot be accomplished through summary judgment proceedings. ECF Nos. 142, 145, 148. In addition, Defendants assert that there is insufficient evidence to raise a genuine issue of material fact with

---

5, Plaintiff contends that his "mental anguish culminating in his suicide may be attributed to his exposure to pornographic material and the emotional turmoil that followed." Id. Plaintiff concludes that he "has made a valid claim for a violation of the Eighth Amendment. There are multiple issues of fact as to whether Defendants acted with deliberate indifference by showing Plaintiff pornographic materials notwithstanding his known mental health issues." Id. at 7. Accordingly, in addition to the abandonment of other claims placed at issue through his Complaint, the Court finds that Plaintiff has abandoned his claim that any Defendant forced him to masturbate in their presence.

[6] The evidence of record and allegations in the Complaint make clear that Plaintiff survived his suicide attempt, which he says occurred when he swallowed a battery casing, and the Court construes Plaintiff's statement accordingly.

4

regard to Plaintiff's newly asserted conditions of confinement claim, and that it is otherwise barred by the applicable statute of limitations and judicial estoppel. Id.

## II. STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that: "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of material fact is in genuine dispute if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). See Doe v. Abington Friends School, 480 F.3d 252, 256 (3d Cir. 2007) ("A genuine issue is present when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of his burden of proof"). Thus, summary judgment is warranted where, "after adequate time for discovery and upon motion . . . a party . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Marten v. Godwin, 499 F.3d 290, 295 (3d Cir. 2007), *quoting* Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The moving party bears the initial burden of demonstrating to the court that there is an absence of evidence to support the non-moving party's case. Celotex Corp. v. Catrett, 477 U.S. at 322. See Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 140 (3d Cir. 2004). "[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007), *quoting* Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

5

In deciding a summary judgment motion, a court must view the facts in the light most favorable to the nonmoving party and must draw all reasonable inferences, and resolve all doubts in favor of the nonmoving party. Matreale v. New Jersey Dep't of Military & Veterans Affairs, 487 F.3d 150, 152 (3d Cir. 2007); Woodside v. Sch. Dist. of Phila. Bd. of Educ., 248 F.3d 129, 130 (3d Cir. 2001).

## III. DISCUSSION

### A. Plaintiff's Conditions of Confinement Mental Health Claim

Plaintiff's Complaint, as originally filed, states several claims against Defendants Treece, Keller, and Jenkins, all involving sexual abuse and sexual harassment, that allegedly occurred when he was forced to watch a pornographic video, to masturbate or to perform sexual acts upon each of the Defendants. ECF No. 7 ¶¶ 11-16. Plaintiff's Complaint further claims that after reporting these alleged assaults, he has suffered from nightmares, depression and shame, culminating in a suicide attempt. Id. ¶¶ 20 – 22. With the assistance of counsel, and in opposition to Defendants' Motions for Summary Judgment, Plaintiff has abandoned all claims of physical sexual abuse or conduct involving physical contact and alleges *only* that Defendants acted with deliberate indifference to his mental health by allegedly forcing him to watch or otherwise exposing him to pornography. In doing so, Plaintiff now attempts to set forth an Eighth Amendment "conditions of confinement claim," *i.e.*, that, given his mental health history of schizophrenia, exposure to pornography was inhumane, and was perpetrated by each Defendant with deliberate indifference to a substantial risk of serious damage to Plaintiff's mental health. ECF No. 136 at 4, 6 – 7.

As correctly noted by Defendants in their Reply Briefs, Plaintiff did not assert a deliberate indifference to mental health claim in his Complaint, but first introduced this variant

6

of an Eighth Amendment claim in his Brief in Opposition to Defendants' Motions for Summary Judgment. ECF Nos. 142, 145, 148. The law relative to such a late stage attempted amendment is clear. A plaintiff "may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment." Bell v. City of Philadelphia, 275 F. App'x 157, 160 (3d Cir. 2008), citing Shanahan v. City of Chicago, 82 F.3d 776, 781 (7th Cir. 1996), and Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004) ("[a]t the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a)); Pinson v. United States, 2018 WL 1123713, at *13 (M.D. Pa. Feb. 26, 2018) (prisoner may not add a retaliation claim by way of a brief in opposition to a motion for summary judgment, citing Rankin v. Bledsoe, 2015 WL 5882318, at *6 (M.D. Pa. Oct. 5, 2015); Bracey v. Beard, 2014 WL 4659639, at *13 (W.D. Pa. Sept. 17, 2014), *aff'd sub nom*. Bracey v. Sec'y Pennsylvania Dep't of Corr., 686 F. App'x 130 (3d Cir. 2017)(Plaintiff's addition of an Eighth Amendment claim raising placement on RRL through brief in opposition to summary judgment not permitted). Accordingly, because Plaintiff had not previously asserted an Eighth Amendment deliberate indifference to mental health conditions of confinement claim, he cannot amend his Complaint to add this new claim at this late stage. As such, the Court cannot consider this new claim at the summary judgment stage of this litigation.

**B. Merits of Eighth Amendment Deliberate Indifference Claim**

Even if the Court to consider Plaintiff's newly asserted conditions of confinement claim addressed above, Defendants remain entitled to entry of summary judgment due to the absence of evidence sufficient to establish an Eighth Amendment violation.

"A claim of inhumane prison conditions may rise to the level of an Eighth Amendment violation where the prison official 'deprived the prisoner of the minimal civilized measure of

7

life's necessities' and 'acted with deliberate indifference in doing so, thereby exposing the inmate to a substantial risk of serious damage to [his] future health.'" Palakovic v. Wetzel, 854 F.3d 209, 225 (3d Cir. 2017), quoting Parkell v. Danberg, 833 F.3d 313, 335 (3d Cir. 2016), and Chavarriaga v N.J. Dep't of Corrections, 806 F.3d 210, 226 (3d Cir. 2015). In Palakovic, the United States Court of Appeals for the Third Circuit weighed an unconstitutional conditions of confinement claim arising out of the long-term placement of a mentally ill teenager in solitary confinement. The Court acknowledged "the robust body of legal and scientific authority recognizing the devastating mental health consequences caused by long-term isolation in solitary confinement," and determined that given the defendants' alleged specific knowledge of the plaintiffs' son's history of serious mental health issues and recent suicide attempts, the complaint sufficiently stated an Eighth Amendment conditions of confinement claim:

> In our recent decision, Williams v. Secretary of the Pennsylvania Department of Corrections, 848 F.3d 549 (3d Cir. 2017), we observed a growing consensus – with roots going back a century – that conditions like those to which Brandon repeatedly was subjected can cause severe and traumatic psychological damage, including anxiety, panic, paranoia, depression, post-traumatic stress disorder, psychosis, and even a disintegration of the basis sense of self identity. Id. at 566-67. And the damage does not stop at mental harm: "Physical harm can also result. Studies have documented high rates of suicide and self-mutilation amongst inmates who have been subjected to solitary confinement. These behaviors are believed to be maladaptive mechanisms for dealing with the psychological suffering that comes from isolation."" Id. at 567-68 (citations omitted). Against this backdrop of the extremely serious and potentially dire consequences of lengthy exposure to the conditions of solitary confinement, we turn to the sufficiency of the Palakovics' claim that prison officials who were aware of his history of mental illness permitted Brandon to be repeatedly exposed to inhumane conditions of confinement and acted with deliberate indifference in doing so.

Palakovic, 854 F.3d at 225-26.

Through his Brief in Opposition to the pending motions for summary judgment, Plaintiff now alleges that Defendants deliberately exposed a mentally ill prisoner to a pornographic video in violation of his Eighth Amendment rights, because such exposure resulted in "mental anguish

8

culminating in his suicide [attempt]." ECF No. 136 at 5. At this stage of the litigation, after extensive discovery, Plaintiff is required to present evidence to support each element of his claim: (1) that sexual harassment in the form of exposure to pornography was objectively harmful, and (2) that Defendants were each "aware of facts from which it can be inferred that the defendant-officials were ... knowingly and unreasonably disregarding an objectively intolerable risk of harm." Beers-Capitol v. Whetzel, 256 F.3d 120, 132 (3d Cir. 2001) (quoting Farmer v. Brennan, 511 U.S. 825, 846 (1994)). The evidence submitted by Plaintiff in opposition to summary judgment, while certainly sufficient to establish that the alleged exposure to pornography served no penological interest, fails to raise a genuine issue of material fact as to either required element of his claim.[7]

First, as to whether Defendants' alleged misconduct in exposing Plaintiff to pornography was objectively harmful, Plaintiff fails to support his new claim with citations to any specific evidence or expert opinion. Further, Plaintiff does not cite to evidence of any reports or studies that exposing mentally ill inmates to pornography presents a substantial risk of mental or physical self-harm sufficient to rise to an Eighth Amendment violation for inhumane conditions of confinement. As such, the Court is left to speculate as the nature and degree of harm exposure to pornography might cause, and whether under the circumstances alleged, deliberately exposing Plaintiff to pornography subjected him to unreasonably harmful conditions of confinement.[8]

---

[7] Although the exposure to a pornographic video serves no penological purpose and the conduct of the Defendants in providing the video may be deemed inappropriate at the very least, Plaintiff is still required to present sufficient evidence of both elements of this claim to survive summary judgment. He has failed to do so.

[8] The Court's research has identified the need to reduce inmate access to pornography in aid of rehabilitation. In particular, studies have established that pornography "enhances 'negative attitudes toward women and increases acceptance of rape myths; lowers inhibitions to aggress against women; and produces subsequent violent sexual fantasies in the consumer of pornography.'" Ramirez v. Pugh, 486 F. Supp.2d 421, 430 (M.D. Pa. 2007). These studies, however, do not support Plaintiff's assertion that exposure to a pornographic video results in a substantial risk of self-harm to a mentally ill individual.

Such speculation is untenable as a matter of pleading, Twombly v. Bell Atlantic Corp., 550 U.S. 544, 545 (2007) ("[f]actual allegations must be enough to raise a right to relief above the speculative level"), and is equally unsustainable at the summary judgment stage. See, e.g., In re Wellbutrin XL Antitrust Litig. Indirect Purchaser Class, 868 F.3d 132, 167 (3d Cir. 2017), *judgment entered sub nom.* In re Wellbutrin XL Antitrust Litigation, 2017 WL 3529114 (3d Cir. Aug. 9, 2017) ("A plaintiff cannot satisfy the summary judgment burden based on speculation alone," citing Halsey v. Pfeiffer, 750 F.3d 273, 287 (3d Cir. 2014) ("an inference based upon a speculation or conjecture does not create a material factual dispute sufficient to defeat [entry of] summary judgment;" Fedorczyk v. Caribbean Cruise Lines, Ltd., 82 F.3d 69, 76 (3d Cir. 1996) (affirming a grant of summary judgment because "[b]ased on the evidence presented, a jury could only speculate" as to whether the defendant's actions actually caused the claimed injury)). Therefore, construing the facts in the light most favorable to Plaintiff, he has failed to present evidence to establish that sexual harassment in the form of exposure to pornography was objectively harmful to Plaintiff. As such, he has not established the first requisite element of this claim.

As to the second element, Plaintiff has not met the requirement that he establish that Defendants subjectively knew of the risk of substantial harm to Plaintiff's mental health caused by sexual harassment in the form of exposure to a pornographic video. While there is evidence that Defendants were generally aware that Plaintiff was housed in the DTU because he suffered from mental illness, none were aware of his diagnosis. ECF No. 139 at 32, 48-49. Plaintiff further fails to present any evidence, direct or circumstantial, that any Defendant was aware that exposure to a pornographic video would aggravate or harm Plaintiff's mental health, so as to cause him to engage in self-harm or to otherwise result in deterioration of his condition. Betts v.

New Castle Youth Development Center, 621 F.3d 249, 259 (3d Cir. 2010), quoting Farmer, 511 U.S. at 842–43 (internal quotations omitted)("A plaintiff may demonstrate deliberate indifference [circumstantially] by showing that the risk of harm was 'longstanding, pervasive, well-documented, or expressly noted by prison officials in the past' such that the defendants 'must have known' about the risk."). Because Plaintiff presents no evidence that any Defendant acted with deliberate indifference with regard to his mental health through exposure to pornography, and in the absence of any remaining claims, Defendants are entitled to the entry of summary judgment in their favor.[9]

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motions for Summary Judgment are properly granted. Accordingly, the following Order is entered:

### ORDER

AND NOW, this 11th day of September, 2018, upon consideration of the Motions for Summary Judgment filed on behalf of Defendants Shawn Treece, Officer Keller, and Officer Jenkins, ECF Nos. 116, 120 and 124, as well as the briefs and exhibits filed in support and in opposition thereto,

IT IS HEREBY ORDERED that Defendants' Motions for Summary Judgment are GRANTED and the Clerk of Court is to mark the case closed.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if Plaintiff wishes to appeal from this Order he must do so within thirty

---

[9] In light of the disposition of Plaintiff's conditions of confinement claim, the Court need not address Defendants' contention that Plaintiff is barred from asserting his claim by operation of any applicable statute of limitations, judicial estoppel, or failure to exhaust administrative remedies with regard to this precise claim.

11

(30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

BY THE COURT:

MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record by Notice of Electronic Filing